| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**McCARTER & ENGLISH, LLP**<br>Geoffrey E. Lynott, Esq.<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>Facsimile:  (973) 624-7070<br>Email: glynott@mccarter.com<br><br>*Counsel to the Chapter 7 Trustee* | |
| In re:<br><br>JEANNE M. KEHOE,<br><br>        Debtor. | Case No.: 18-32792 (RG)<br><br>Honorable Rosemary Gambardella<br><br>Chapter 7 |
| JEFFREY T. TESTA, SOLELY IN HIS CAPACITY AS CH. 7 TRUSTEE OF JEANNE M. KEHOE,<br><br>        Plaintiff<br><br>        vs.<br><br>CHERYL KEHOE,<br><br>        Defendant. | Adv. Proc. No. |

## **COMPLAINT**

Plaintiff Jeffrey T. Testa, the Chapter 7 trustee for the estate of Jeanne M. Kehoe (the **"Debtor"**), by way of this complaint against Cheryl Kehoe (the "**Defendant**") states as follows:

### **JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).  This is a core proceeding within the meaning of 28 U.S.C. §157.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§105, 542, 544, 549 and 550.

## THE PARTIES

4. Jeffrey T. Testa is the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of the Debtor.

5. Defendant Cheryl Kehoe is the daughter of the Debtor and, therefore, an insider of the Debtor as defined in 11 U.S.C. §101(31).

6. Upon information and belief, Defendant resides at 169 Nesbit Terrace, Irvington, New Jersey 07111 (the "**Real Property**").

**Background**

7. On November 16, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey (the "**Chapter 13 Bankruptcy**").

8. The Defendant was listed on the mailing matrix to the Debtor's Chapter 13 bankruptcy petition [Doc. 1].

9. The Debtor was named the executrix and beneficiary of her aunt Irene T. Wicka's probate estate (the "**Decedent**").

10. The Decedent was the owner of the Real Property.

11. Upon information and belief, the Decedent died during the Debtor's Chapter 13 Bankruptcy.

12. During this Chapter 13 Bankruptcy and while the Debtor was acting as the executrix of the Decedent's probate estate, on or about August 2, 2022, the Debtor transferred the Real Property to herself for $1.00 pursuant to a deed, which was recorded

2

in the Register of Deeds and Mortgages of Essex County on August 10, 2022, Instrument No. 2022075109 (the "**Deed**").

13. On August 23, 2022, the Debtor filed a *Certification In Opposition* to the Chapter 13 Trustee's Certification of Default (the "**Opposition**") in which the Debtor certified to the Court that the Debtor had inherited the Real Property.

14. The Opposition also stated the Defendant was residing in this Real Property and represented to the Court that "[t]he Debtor intends to sell this [Real] [P]roperty to [the Defendant]" and that the "net sale proceeds will be sufficient to pay all claims in full." [Doc. 94].

15. The Real Property is property of the bankruptcy estate.

16. Less than a month later, on September 1, 2022, the Debtor transferred the Real Property via quitclaim deed to the Defendant for $1.00. This transaction was recorded in the Register of Deeds and Mortgages of Essex County on September 2, 2022, Instrument No. 2022081257.  (Hereinafter, the "**Transfer**").

17. The Debtor never sought Court approval for the transfer of the Real Property.

18. On November 9, 2022, Debtor's counsel filed the *Motion for an Order Authorizing the Law Firm of Scura, Wigfiled, Heyer, Stevens & Cammarota, LLP to Withdraw as Counsel* (the "**Withdrawal Motion**") [Doc. 109].

19. Paul Evangelista, Esq. filed a Certification in Support of the Withdrawal Motion (the "**Certification**").  This Certification set forth that Debtor's counsel advised the Debtor that she could not transfer the Real Property without Court approval but that

3

the Debtor transferred nonetheless the Real Property to her daughter without Court approval. [Doc. 109-1].

20. On November 9, 2022 the Debtor's filed a chapter 13 plan of confirmation (the "**Chapter 13 Plan**").

21. The Chapter 13 Plan was never consummated.

22. On December 8, 2022, the Bankruptcy Court *sua sponte* converted the Debtor's Chapter 13 Bankruptcy to a case under Chapter 7 of the United States Bankruptcy Code.

23. On December 13, 2022, the Office of the United States Trustee appointed Jeffrey T. Testa, Esq. as the Chapter 7 trustee.

24. On May 24, 2023, Defendant filed a proof of claim in the Chapter 7 proceeding. [Claim No. 5-1].

25. Based on Zillow.com, as of November 14, 2023, the Real Property had an estimated market value of $443,400.

**The Transfer**

26. The Debtor transferred the Real Property to Defendant on or about September 1, 2022.

27. The Transfer occurred after the Petition Date.

28. Defendant was a direct participant in the Transfer.

29. The Real Property is worth far in excess of the $1.00 consideration paid by the Defendant to the Debtor at the time of conveyance.

30. The conveyance of the Debtor's interest in the Real Property included several "badges of fraud," to wit:

(a) At the time the Transfer was made, the Debtor was in a Chapter 13 Bankruptcy, and her debt to the secured creditor, PC4 LLC US Bank Cust for PC4 Firstrust Bank n/k/a PC4, LLC, (the "**Secured Creditor**") as well as to other creditors remained unsatisfied.

(b) At no time during the Chapter 13 Bankruptcy did the Debtor amend her Schedules to reference the Real Property, nor did the Debtor amend her Statement of Financial Affairs to disclose the Transfer.

(c) The conveyance of the Debtor's interest in the Real Property was made without fair consideration.

(d) At the time the Transfer was made, Defendant was aware of the Debtor's Chapter 13 Bankruptcy. In addition, Defendant has been aware of the Chapter 7 Bankruptcy proceeding.

(e) Defendant is an "insider" of the Debtor as the Defendant is the Debtor's daughter.

(f) Upon information and belief, at the time the Transfer to the Defendant was made, the Defendant knew the Debtor had an obligation to her creditors.

(g) Upon information and belief, the Defendant continues to reside in the Real Property and enjoys its use and benefits.

(h) Upon information and belief, the Defendant earns rental income from the Real Property.

(i) The Transfer was made post-petition without authorization from the Bankruptcy Court or the Bankruptcy Code.

## COUNT I
**(Avoidance of Post-Petition Transaction Pursuant to 11 U.S.C. §549)**

1. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

2. The Real Property is property of the bankruptcy estate.

3. The Debtor transferred the Real Property after the Petition Date.

4. No motion was filed with the Court to approve the transfer of the Real Property.

5

ME1 46728184v.1

5. The Transfer of the Real Property was not authorized by the Court or the Bankruptcy Code.

6. Defendant was aware of the bankruptcy proceeding at the time the Transfer was made.

7. The Transfer was made without providing reasonable equivalent value to the bankruptcy estate, and the Trustee is entitled to the return of the Real Property made to Defendant or a sum equal to the fair market price of the Real Property at the time the Transfer was made.

8. Plaintiff pleads that such Transfer may be avoided and recovered pursuant to 11 U.S.C. §§549 and 550.

## COUNT II
**(Recovery of and Turnover to Estate of Real Property Pursuant to 11 U.S.C. §542)**

9. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

10. The Real Property is property of the bankruptcy estate.

11. The Real Property may be utilized by the Trustee under 11 U.S.C. §363.

12. The Defendant was listed on the mailing matrix to the Debtor's Chapter 13 bankruptcy petition.

13. The Transfer occurred post-petition, during the Debtor's bankruptcy proceedings.

14. The Real Property is in the possession of the Defendant.

15. The Real Property is not of inconsequential value and is of benefit to the Estate.

ME1 46728184v.1

16. To date, the Defendant has not turned over the Transfer to the Trustee or provided a sum equal to the fair market price of the Real Property at the time the Transfer was made.

17. Plaintiff demands turnover of the Real Property.

## COUNT III
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §544(b), N.J.S.A. 25:2-25(a)(1) and 11 U.S.C. §550)**

18. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

19. The Debtor made the Transfer to the Defendant with actual intent to hinder, delay and defraud her creditors.

20. The Trustee is entitled to avoid the Transfer and to the return of the Transfer made to the Defendant by the Debtor or to payment of a sum equal to the fair market price of the Real Property at the time the Transfer was made.

## COUNT IV
**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §544(b), N.J.S.A. 25:2-25(a)(2) and 11 U.S.C. §550)**

21. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

22. The Debtor made the Transfer to Defendant without receiving reasonably equivalent value in exchange.

23. The Transfer to Defendant was intended to, and the Debtor believed or reasonably should have believed that the Transfer would cause her to incur debts beyond her ability to pay them as they became due.

24. Upon information and belief, at the time of the Transfer, the Debtor had debts outstanding to a unsecured creditors.

7

25. The Trustee is entitled to avoid the Transfer and to the return of the Transfer made to the Defendant by the Debtor or a sum equal to the fair market price of the Real Property at the time the Transfer was made.

## COUNT V
### (Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §544(b), N.J.S.A. 25:2-27(a) and 11 U.S.C. §550)

26. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

27. The Debtor made the Transfer to the Defendant without receiving reasonably equivalent value in exchange.

28. At the time of Transfer was made to the Defendant, the Debtor was indebted to other parties.

29. At the time the Transfer was made to the Defendant, the Debtor was insolvent or became insolvent as a result of the Transfer.

30. The Trustee is entitled to avoid the Transfer and to the return of the Transfer made to the Defendant by the Debtor or to payment of a sum equal to the fair market price of the Real Property at the time the Transfer was made.

## COUNT VI
### (Unjust Enrichment)

31. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

32. The Debtor made the Transfer to the Defendant without receiving reasonably equivalent value in exchange.

33. Defendant's receipt of the Transfer conferred a benefit on the Defendant.

ME1 46728184v.1

34. Accordingly, Defendant has been unjustly enriched by its receipt of the Transfer entitling the Trustee to the imposition of a constructive trust over the Real Property.

## COUNT V
### (Recovery of Avoided Transfer Pursuant to 11 U.S.C. § 550)

35. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

36. The Trustee is entitled to avoid the Transfer pursuant to 11 U.S.C. §§542 and 549.

37. Defendant was the initial transferee of the Transfer, or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

38. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant the Real Property, or if the Court so orders, the value of such Real Property, plus interest thereon to the date of payment and the costs of this action.

## COUNT VI
### (Accounting)

39. The Trustee repeats, reiterates and realleges each of the preceding allegations of the Complaint as if fully set forth herein.

40. Plaintiff is entitled to an accounting of all amounts disbursed and received by Defendant generated by the Real Property since the Transfer of the Real Property.

**WHEREFORE**, the Trustee demands judgment against Defendant as follows:

    a. avoiding the Transfer;

      b. ordering Defendant to turn over the Real Property, or its equivalent value;

      c. ordering an accounting; and

      d. for such other relief as the Court deems appropriate.

Dated: November 14, 2023        **McCARTER & ENGLISH, LLP**
      Newark, New Jersey

By: */s/ Geoffrey E. Lynott*
    Geoffrey E. Lynott
    Four Gateway Center
    100 Mulberry Street
    Newark, NJ 07102
    Telephone: (973) 622-4444
    Facsimile: (973) 624-7070
    glynott@mccarter.com
    *Counsel to the Chapter 7 Trustee*